IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| NLB Corp.      a Michigan Corporation | ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| StoneAge, Inc.      a Colorado Corporation, | ) ) ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NLB Corp., (hereinafter "NLB") hereby states and alleges as follows:

### THE PARTIES

1.  Plaintiff, NLB, is a corporation organized and existing under the laws of Michigan with its headquarters and principal place of business at 29830 Beck Road, Wixom, Michigan 48393.  NLB customers sometimes refer to NLB as National Liquid Blasting.

2.  NLB is wholly-owned by Interpump Group S.p.A., an Italian company.

3.  Upon information and belief, Defendant, StoneAge, Inc. ("StoneAge") is a corporation organized and existing under the laws of Colorado with its principal place of business at 466 Skylane Dr., Durango, Colorado 81303.

- 1 -

JURISDICTION AND VENUE

4. This is an action for declaratory relief pursuant to the laws set forth in Title 28 of the United Stated Code, and particularly, 28 U.S.C. §§ 2201 and 2202. Jurisdiction in this court is based on 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over StoneAge in view of its contacts with this forum.

5. Defendant StoneAge has intentionally directed its actions to this district by undertaking the conduct alleged below, and knew that such actions would cause the brunt of the injury to be suffered in this district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because acts or omissions giving rise to the claim occurred in this district, and a substantial part of property subject of this action is situated in this district.

CAUSE OF ACTION FOR DECLARATORY JUDGMENT

COUNT I: INVALIDITY AND NON-INFRINGEMENT OF
U.S. PATENT NOS. 7,635,096 AND D617,870

7. NLB seeks a declaratory judgment declaring that United Stated Patent No. 7,635,096 (the '096 patent) entitled "Self Regulating Fluid Bearing High Pressure Rotary Nozzle with Balanced Thrust Force" was not obtained in a manner consistent with the provisions of Title 35, United States Code and is thus invalid and/or unenforceable. More specifically, the '096 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions

for patentability set forth in 35 U.S.C. § 101, 102, 103, and 112.  A copy of the '096 patent is attached as Exhibit A.  The '096 patent relates to a cleaning nozzle.

8.  NLB seeks a declaratory judgment declaring that NLB does not currently make, use or sell in the United States or elsewhere any product that infringes the '096 patent, and THAT NLB has not infringed or induced any other to infringe the '096 patent.

9.  NLB seeks a declaratory judgment declaring that United Stated Patent No. D617,870 (the '870 patent) entitled "Self Regulating Fluid Rearing High Pressure Rotary Nozzle," was not obtained in a manner consistent with the provisions of Title 35, United States Code and is thus invalid and/or unenforceable.  More specifically, the '870 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 101, 102, 103, and 112.  A copy of the '870 patent is attached as Exhibit B. The '870 patent relates to a cleaning nozzle.

10.  NLB seeks a declaratory judgment declaring that NLB does not currently make, use or sell in the United States or elsewhere any product that infringes the '870 patent, and THAT NLB has not infringed or induced any other to infringe the '870 patent.

11.  StoneAge has brought suit against NLB in United States District Court for the Eastern District of Texas, Beaumont Division.  A copy of the relevant complaint is attached hereto as Exhibit C.  The StoneAge suit alleges infringement of the '096 patent and the '870

patent. StoneAge has also threatened NLB. Therefore, an actual, substantial controversy exits between NLB and StoneAge. NLB will file a motion to transfer that action to this Court. The Eastern District of Texas has no tie to this case and, under rule of law, is not a proper venue.

## COUNT II: INEQUITABLE CONDUCT

12. NLB seeks a declaratory judgment declaring that the '870 patent is unenforceable due to StoneAge's inequitable conduct.

13. This claim for relief is proper pursuant to the laws set forth in Title 28 of the United States Code, and particularly, 28 U.S.C. §§ 2201 and 2202. Jurisdiction in this Court is based on 28 U.S.C. §§1331, 1337, and 1338. This Court has personal jurisdiction in view of the Complaint filed in this Court.

14. Upon information and belief, StoneAge provided false, and/or inaccurate, statements by at least failing to disclose prior art material to patentability during prosecution of the '870 patent to the United States Patent Office. The '870 patent was improperly obtained and therefore are unenforceable based at least on the following:

    a. As early as January 2007, StoneAge's own product catalog publically disclosed material relevant to the subject matter of the '870 patent. The product catalog was publically disclosed well before the February 4, 2010, filing date of the '870 patent. A page from StoneAge's product catalog is attached as Exhibit D. StoneAge knew and/or should have known of this publication and public disclosure before and during

- 5 -

prosecution of the '870 patent. StoneAge failed to disclose the product catalog to the United States Patent Office during prosecution of the '870 patent.

b. As early as August 2006, StoneAge's publically-available newsletter disclosed material relevant to the subject matter of the '870 patent. The newsletter was publically disclosed well before the February 4, 2010, filing date of the '870 patent. An example newsletter from August 2006 is attached as Exhibit E. StoneAge knew and/or should have known of this publication and public disclosure before and during prosecution of the '870 patent. StoneAge failed to disclose the newsletter to the United States Patent Office during prosecution of the '870 patent.

## COUNT III: ANTITRUST

15. This claim for relief is proper pursuant to the laws set forth in Title 28 of the United States Code, and particularly, 28 U.S.C. §§ 2201 and 2202. Jurisdiction in this Court is based on 28 U.S.C. §§1331, 1337, and 1338. This Court has personal jurisdiction in view of the Complaint filed in this Court.

16. Defendant, StoneAge, has obtained at least the '870 patent through false and misleading statements and, by attempting to enforce the improperly obtained patent against NLB, is intent on monopolizing the cleaning nozzle market in violation of Section 2 of the Sherman Act, 15 U.S.C. §2. The relevant geographic area and market is the United States. StoneAge participates in the relevant market by holding and enforcing the improperly obtained '870 patent.

17. An actual controversy exists based upon Plaintiff's Complaint against Defendant.

18. NLB has and will continue to be damaged by StoneAge's attempts to improperly monopolize the cleaning nozzle market in an anticompetitive manner that unreasonably restrains trade.  NLB will continue to be injured should StoneAge be allowed to continue enforcing the improperly obtained '870 patent.

## RELIEF REQUESTED

WHEREFORE, NLB requests the following relief:

A. Enter a judgment declaring that the '096 patent is invalid and/or unenforceable;

B. Enter a judgment declaring that the '870 patent is invalid and/or unenforceable;

C. Enter a judgment declaring that the '096 patent is not infringed;

D. Enter a judgment declaring that the '870 patent is not infringed;

E. Enter a judgment declaring that the '870 patent is unenforceable.

E. Enter a judgment awarding damages pursuant to the laws and antitrust provisions set fourth in Title 15 of the United States Code;

F. Enter a judgment awarding costs and attorneys' fees plus interest to NLB; and

G. Enter a judgment awarding such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

NLB hereby requests a jury trial of all issues triable to a jury.


Dated: August 20, 2010                    CARLSON, GASKEY & OLDS, P.C.


                                          By: s/Benjamin J. Coon

                                          Theodore W. Olds (P42004)
                                          Benjamin J. Coon (P70328)
                                          400 W. Maple, Suite 350
                                          Birmingham, Michigan  48009
                                          Telephone:  (248) 988-8360
                                          Facsimile:  (248) 988-8363
                                          Email: tolds@cgolaw.com
                                          Email: bcoon@cgolaw.com